CAROL J. TAXMAN, Adm'r. of the Estate of Diedra M. DeShazer, a Minor, Deceased, *et al.*, Plaintiffs-Appellants, *v.* HEALTH & HOSPITAL GOVERNING COMMISSION OF COOK COUNTY *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 78-1444

Opinion filed April 16, 1980.

Jay B. Ross, of Chicago (Sidney Z. Karasik, of counsel); for appellants.

Calvin Sawyier and Danae K. Prousis, both of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Carol Taxman, administrator of the estate of Diedra M. DeShazer, appeals from an order of the circuit court of Cook County denying her section 72 petition (Ill. Rev. Stat. 1975, ch. 110, par. 72), which sought to vacate the trial court's dismissal of her appeal. Plaintiff had brought an

action against defendants for medical malpractice in the care and treatment of Diedra, an infant, who allegedly died as a result of said malpractice. The trial court granted defendants' motion to dismiss the complaint. Plaintiff filed an appeal, and the trial court granted defendants' motion to dismiss the appeal because of plaintiff's failure to file a timely record. (Supreme Court Rule 309, Ill. Rev. Stat. 1975, ch. 110A, par. 309.) Plaintiff filed a petition to vacate the order dismissing the appeal, and she appeals its denial.

On appeal plaintiff contends that the trial court abused its discretion in denying her section 72 petition. Plaintiff also argues that the trial court erred initially in dismissing her complaint and in denying her petition for a change of venue. Since we believe that the dispositive issue is whether the trial court abused its discretion in denying the section 72 petition, we shall set forth the chronology of the proceedings in some detail.

On November 22, 1976, plaintiff filed the medical malpractice complaint against defendants alleging that Diedra was admitted to County Hospital on April 1, 1975; that contrary to a physician's orders, Diedra was given an improper dosage of medication on April 8, 1975; and that on the same day, the child suffered a toxic reaction and died.

On December 21, 1976, defendants moved to dismiss the complaint on the ground that the necessary statutory notice (Ill. Rev. Stat. 1975, ch. 85, par. 8—102) was not timely served on defendants. On February 2, 1977, the trial court struck plaintiff's petition for a change of venue which had been filed on December 27, 1976. On February 7, 1977, the trial court granted defendants' motion to dismiss the complaint.

On February 7, 1977, plaintiff's attorney of record secured additional counsel to appeal the dismissal of the complaint. On March 4, 1977, plaintiff filed notice of appeal. On July 5, 1977, some 125 days later, defendants filed their motion to dismiss the appeal because of plaintiff's failure to file a timely record. Both of plaintiff's attorneys of record were personally served with notice of the motion to dismiss the appeal. On July 8, 1977, plaintiff filed a response. Attached to the response was an affidavit by plaintiff's co-counsel. In the affidavit, co-counsel stated that she neglected to file the record or to seek an extension to do so because she "foolishly assumed" that one of the secretaries had obtained a printer whereas in reality the file had been mislaid and the grace period for filing the record had expired when she returned to work after an equestrian accident. On July 8, 1977, after a hearing, the trial court granted defendants' motion to dismiss plaintiff's appeal from the order dismissing the complaint. On August 24, 1978, plaintiff filed a petition in this court which she entitled, "For Leave to Reinstate Notice of Appeal Improvidently Dismissed." On September 7, 1978, this court denied plaintiff's petition.

Meanwhile, on March 7, 1978, plaintiff filed the present petition in the trial court to vacate the order dismissing the appeal. Defendants filed a response to the petition pointing out that both attorneys had been personally served with notice of defendants' motion to dismiss the appeal prior to the trial court's action and that no appeal had been taken from the order of dismissal. On May 24, 1978, both attorneys for plaintiff filed affidavits. Plaintiff's original counsel stated that after he retained other counsel to pursue the appeal, he unsuccessfully attempted to contact her to monitor the progress of the appeal. Counsel further stated that he was unaware of any problems and believed that the appeal was progressing satisfactorily. He did not learn that the appeal was dismissed until January 3, 1978. Co-counsel's affidavit stated that she had not requested an extension of time to file the record for the reasons set forth in her earlier response. She assumed full responsibility for failure to prosecute the appeal diligently and stated that she acted improperly in not keeping plaintiff's other attorney of record informed. On May 24, 1978, the trial court denied plaintiff's petition. This appeal follows.

Plaintiff contends that the trial court abused its discretion in denying the section 72 petition. We do not agree.

■■ The purpose of a section 72 petition is to bring before the trial court matters of fact not appearing in the record which, if known to the court at the time judgment was rendered, would have prevented its rendition. (*Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965; *Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 306 N.E.2d 510.) A section 72 proceeding was not designed to afford a litigant a fresh opportunity to do that which should have been accomplished at an earlier proceeding. (*Abbell v. Munfield* (1979), 76 Ill. App. 3d 384, 395 N.E.2d 78.) Nor does it afford a litigant a remedy whereby he may be relieved of the consequences of his own mistakes or the negligence of his counsel. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294; *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355.) To merit relief under section 72, a petitioner must allege facts stating an adequate ground for such relief and demonstrate that he acted with due diligence in seeking to invoke the equitable powers of the court. (*Eastman Kodak Co. v. Guasti* (1979), 68 Ill. App. 3d 484, 386 N.E.2d 291; *McDonald v. Checker Taxi Co.* (1976), 44 Ill. App. 3d 345, 358 N.E.2d 95.) The due diligence required of a petitioner applies to both the section 72 petition and the presentation of his claim or defense to the original action. *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 367 N.E.2d 101; *Department of Public Works & Buildings v. O'Hare International Bank* (1976), 44 Ill. App. 3d 934, 358 N.E.2d 1308.

■ In the present case, the trial court was correct in denying plaintiff's

section 72 petition for several reasons. No new facts were presented to the trial court in the petition which were not before the court when it dismissed the appeal in July 1977. At that time, in her response to defendants' motion, plaintiff's co-counsel stated that she failed to file the record on appeal because of inattention. Her affidavit in support of the section 72 petition merely recited that she accepted full responsibility for failure to file the record and that she had not done so for the reasons previously given. Although plaintiff's original counsel stated that he was not aware of co-counsel's failure to file the record and that he believed the appeal was progressing satisfactorily, he does not challenge the assertion that he was given notice of defendants' motion to dismiss the appeal. And in any event, under the circumstances of this case, counsel's failure to monitor his co-counsel's handling of the appeal does not constitute a new matter of fact justifying relief. Since there were no matters of fact, not appearing of record, which were brought to the attention of the trial court, plaintiff was not entitled to section 72 relief. Secondly, the trial court properly denied the petition because section 72 was not intended to relieve a litigant of her own mistake or the negligence of counsel. The only reason offered for failure to file a record is the admitted negligence of plaintiff's co-counsel. Thirdly, the section 72 petition was properly denied because it constitutes an attempted substitute for an appeal from the judgment dismissing the appeal. If plaintiff believed the trial court, on July 8, 1977, erred in dismissing her appeal, then an appeal should have been taken from that order. It was not a default matter; rather plaintiff had filed a response to defendants' motion to dismiss the appeal. Since plaintiff did not move to vacate the order within 30 days or to appeal the order of July 8, 1977, which dismissed the appeal, she cannot be permitted now to use a section 72 proceeding to review the order which could have been appealed directly.

■ Finally, it is evident that plaintiff has failed to demonstrate due diligence in utilizing section 72. The petition was not filed until approximately eight months after the appeal had been dismissed. And, as we have observed, this dismissal occurred at a hearing at which plaintiff was represented. While the original counsel for plaintiff stated that he did not learn of the dismissal until January 3, 1978, he apparently concedes that he received notice of defendants' motion to dismiss the appeal in July 1977. Plaintiff has not exercised due diligence. This court is justified in disturbing the trial court's decision to deny a section 72 petition only when such denial amounts to an abuse of discretion. (*Chase v. Cunningham* (1978), 64 Ill. App. 3d 54, 381 N.E.2d 27; *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684.) We find no such abuse of discretion in the present case.

In view of our holding that the trial court properly denied plaintiff's

section 72 petition for the foregoing reasons, it is unnecessary to consider defendants' additional argument that this court's order of September 7, 1978, denying plaintiff's petition to reinstate notice of appeal constituted a binding judgment against plaintiff. It is also unnecessary to consider plaintiff's arguments that the trial court erred initially in dismissing her complaint and in denying her petition for a change of venue.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY, P. J., and JOHNSON, J., concur.