SHARON BOATWRIGHT, f/k/a Sharon Saviola, *et al.*, Plaintiffs-Appellants, v. STEVE DELOTT, d/b/a Delott and Associates,[1] *et al.*, Defendants-Appellees.

First District (2nd Division)　No. 1—93—3345

━━━━━

Opinion filed November 9, 1994.

---

[1]Defendant Steve Delott, d/b/a Delott & Associates, did not file a brief in this appeal. Nevertheless, we elect to dispose of the appeal on its merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Patrick Crotty, of Oak Brook (William Strons, of counsel), for appellants.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (James Donovan, William Spizzirri, and Nancy Arnold, of counsel), for appellees Western Fidelity Insurance Company and Western Fidelity Marketing, Inc.

No brief filed for appellee Steve Delott.

JUSTICE HARTMAN delivered the opinion of the court:

Sharon and Randall Boatwright (plaintiffs) appeal from the dismissal of their fraud claim against defendants Steve Delott, d/b/a Delott & Associates, Western Fidelity Insurance Company, and Western Fidelity Marketing, Inc. (defendants), for failure to state a cause of action.

Plaintiffs alleged that in 1990 they each contracted with defendants to sell insurance policies as their agents. The agreements provided that plaintiffs would receive a commission on their sales and on sales made by subagents recruited and trained by them; they also contained a vesting schedule that entitled plaintiffs to the commissions from policies that continued in force after their respective contracts terminated.

Defendants allegedly removed from plaintiffs' control numerous subagents that they recruited and trained and denied plaintiffs commissions from sales made by those subagents. Defendants then terminated plaintiffs' contracts in January 1992, a few months prior to another vesting anniversary. The removal of the subagents and the termination allegedly were part of a scheme, concocted by defendants prior to signing the contract, to defraud plaintiffs. The fraud count against defendants was dismissed with prejudice pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615 (now 735 ILCS 5/2—615 (West 1992))). Plaintiffs appeal.

■ Plaintiffs first contend that Texas law controls the substantive law relating to fraud, citing paragraph 18(a) of their contract with defendants: "This Contract shall be governed by and construed in accordance with the law of the state of Texas applicable to contracts ***." Defendants Western Fidelity Insurance Company and Western Fidelity Marketing, Inc., counter that paragraph 18(a) only relates to the construction of the contract, not to tort cases such as fraud. The parties cite no cases to support their positions. Although research reveals no Illinois cases on point, several Federal cases have addressed this precise question and have held that forum selection clauses apply to tort claims which require interpretation of the contract. (*Crescent International, Inc. v. Avatar Communities, Inc.* (3d Cir. 1988), 857 F.2d 943, 944-45 (forum selection clause governed a fraud claim because it arose out of the contractual relation and implicated the contract's terms); *Manetti-Farrow, Inc. v. Gucci America, Inc.* (9th Cir. 1988), 858 F.2d 509, 514; *Vijuk Equipment Inc. v. Otto Hohner KG* (N.D. Ill. 1990), 728 F. Supp. 1368, 1371-72; *Hoes of America, Inc. v. Hoes* (C.D. Ill. 1979), 493 F. Supp. 1205, 1208.) Similarly, here, plaintiffs' fraud claim is intimately connected with the contract's terms; its resolution requires analysis of the employment relationship and the commission schedule, both of which are spelled out in the contract itself. The forum selection clause in this case applies to plaintiffs' fraud claim and Texas substantive law will be applied; however, Illinois procedural law governs that aspect of the case. See *Velle Transcendental Research Association, Inc. v. Esquire, Inc.* (1976), 41 Ill. App. 3d 799, 354 N.E.2d 622.

■ A *motion to dismiss pursuant to section 2—615 attacks the* sufficiency of a complaint and will be decided solely on the allegations set forth in the complaint. (*People ex rel. Peters v. Murphy-Knight* (1993), 248 Ill. App. 3d 382, 386, 618 N.E.2d 459.) The motion admits all well-pleaded facts, but no conclusional allegations of law or fact. (*Murphy-Knight*, 248 Ill. App. 3d at 386.) On review, the question is

whether, when viewed in the light most favorable to plaintiffs, the facts alleged in the complaint adequately state a cause of action. *Murphy-Knight*, 248 Ill. App. 3d at 386.

■ To recover for fraud under substantive Texas law, plaintiffs must prove: (1) that a material representation was made; (2) that it was false; (3) that the speaker knew it was false when made or that the speaker made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it be acted upon by the other party; (5) that the party acted in reliance upon it; and (6) damage. (*T.O. Stanley Boot Co. v. Bank of El Paso* (Tex. 1992), 847 S.W.2d 218, 222.) Texas, unlike Illinois, follows the majority rule with regard to the first element: a promise to do an act in the future is actionable fraud when made with the intention, design and purpose of deceiving, and with no intention of performing the act. *Spoljaric v. Percival Tours, Inc.* (Tex. 1986), 708 S.W.2d 432, 434.

■ A complaint alleging fraud must set out the facts with specificity, particularity and certainty under Illinois procedural law governing pleadings. (*Board of Education v. A,C&S, Inc.* (1989), 131 Ill. 2d 428, 457, 546 N.E.2d 580.) A complaint must clearly and explicitly allege sufficient facts to support a conclusion of fraud, which will not be presumed. (*Bridge v. Newridge Chemical Co.* (1967), 88 Ill. App. 2d 337, 342, 232 N.E.2d 551.) Merely characterizing acts as having been done fraudulently is insufficient. *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 948, 338 N.E.2d 912.

■ In the case *sub judice*, the complaint alleges that defendants induced plaintiffs to sell insurance policies and to recruit and train subagents, and then terminated them just prior to their anniversary date so as to defraud them out of their rightful commissions. Defendants also are alleged to have removed from plaintiffs' control and commission schedules numerous subagents that they recruited and trained so as to defraud them.

These conclusional allegations in the complaint are insufficient to meet Illinois' stringent pleading requirements for fraud.

The circuit court did not err in dismissing plaintiffs' cause of action. In light of our disposition of this appeal, other points raised by defendants need not be considered.

Affirmed.

DiVITO, P.J., and SCARIANO, J., concur.