OSCAR MORTIMER *et al.*, on Behalf of Themselves and Other Persons Similarly Situated, Plaintiffs, v. RIVER OAKS TOYOTA, INC., *et al.*, Defendants-Appellees (Charles W. Holton *et al.*, Objecting Class Members, Plaintiffs-Appellants).

First District (4th Division)   No. 1—95—0864

Opinion filed March 21, 1996.

598

Joseph A. Longo, of Mt. Prospect, for appellants.

Hinshaw & Culbertson, of Chicago (Thomas M. Crisham, Stephen R. Swofford, and Daniel K. Ryan, of counsel), for appellees.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiffs, Oscar Mortimer and Nathaniel Outlaw (class representatives), filed the instant class action against the defendants, River Oaks Toyota and Toyota Motor Credit Corporation, charging violations of the Federal consumer leasing act and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1992)) in the defendants' motor vehicle leasing practices. The appellants, Charles W. Holton and Douglas Mader, in addition to being class members in this action, also had individual actions pending in the circuit court against Toyota Motor Credit Corporation.

The class representatives executed a settlement agreement with the defendants on June 2, 1993. On June 30, 1993, the class representatives and the defendants filed a joint motion seeking: (1) conditional certification of the classes for settlement purposes and appointment of the class representatives' attorneys as class counsel; (2) preliminary approval of the settlement agreement of June 2, 1993; (3) approval of a class notice and an order that it be sent to the class members; (4) an order setting the deadline and manner under which class members could opt out of the class; and (5) a hearing date for final approval of the settlement. The joint motion came on for hearing on July 7, 1993, at which time the trial court granted the relief requested and, *inter alia*, ordered that notices, in the forms attached to the joint motion, be sent by first class mail to all potential class members at their last known addresses as reflected in Toyota's

records and published in a national newspaper. Approximately 310,000 individual notices were mailed to potential class members on or before September 3, 1993, and the approved public notice was published in the national newspaper on September 7 and 8, 1993. Those notices set September 30, 1993, as the final date by which a class member could "opt out" of the class or file objections to the proposed settlement.

On July 13, 1993, counsel for Holton sent a letter to the defendants' attorneys stating that Holton " 'opts out' of the class action settlement agreement." However, on September 30, 1993, Holton and Mader filed a joint objection to the proposed settlement, arguing that it did not benefit the class, and that the notices to the potential class members were defective because they failed to specify what the potential class members were sacrificing if the proposed settlement were approved, and failed to advise the potential class members of the individual suits that Holton and Mader had on file. Holton and Mader requested that the court reject the proposed settlement. The objection further stated:

"In the instant case, Mr. Holton *before* notice of the proposed settlement was sent to class members sent correspondence indicating a desire to opt out. However, it has no effect in that it was premature. It occurred before notice of settlement was sent to class members. *** Though Messrs. Holton and Mader intervene to object to the settlement, they specifically reserve the right to opt out in the event they are considered a member of the class and to appeal any order in this case." (Emphasis in original.)

On November 23, 1993, after considering memoranda supporting and opposing the objections to the proposed settlement and hearing argument on the objection of Holton and Mader, the trial court entered its final judgment approving the class action settlement. That order, among other things, approved the settlement agreement; identified, by reference to a list filed of record on November 16, 1993, those potential class members who exercised their right to opt out of the class; excluded all persons identified on the list of "opt outs" from the certified class; and barred class members from instituting or prosecuting any other action involving any of the settled claims. The order contained the requisite findings for enforcement and appeal pursuant to Supreme Court Rule 304(a). 134 Ill. 2d R. 304(a).

Other than the letter of July 13, 1993, the record fails to reveal that either Holton or Mader ever attempted to opt out of the class prior to the entry of the judgment of November 23. Further, they are not among the persons listed on the opt-out list filed with the court on November 16, 1993.

After the entry of the order of November 23, 1993, Holton and Mader, individually and jointly, pursued a rather curious and unorthodox course of post-judgment practice leading ultimately to the instant appeal.

On December 22, 1993, Mader filed a notice of appeal from the November 23 order which was docketed in this court as No. 1—93—4593. While that appeal was pending, Holton and Mader filed several motions before the trial court seeking post-judgment relief. Specifically, on January 24, 1994, Holton and Mader filed a "Motion to Correct Record" contending that their names had not been included on the opt-out list and seeking an order finding that they had opted out of the class. On March 29, 1994, Mader filed a second motion to correct the record, requesting essentially the same relief sought in the January 24 motion.

On April 14, 1994, this court, on motion of Mader and the other appellants, entered an order dismissing the appeal docketed as No. 1—93—4593.

On April 25, 1994, the defendants moved to strike Mader's motion of March 29, 1994, contending, *inter alia*, that the filing of his notice of appeal divested the trial court of jurisdiction in the matter. On May 19, 1994, the trial court entered an order granting the defendants' motion and striking Mader's motion.

On June 17, 1994, Holton and Mader filed a pleading styled as a "Motion to Clarify" wherein they requested that the court clarify the basis of its order of May 19 and also requesting a ruling on Holton's motion. That motion was stricken on July 1, 1994, by reason of the movants' failure to appear. Holton and Mader again noticed their motion for hearing on July 7, 1994, but it was again stricken for their failure to appear.

On July 19, 1994, Holton filed another motion to correct the record, again requesting that the trial court correct the record by including him on the opt-out list and excluding him from the settlement. On that same day, Mader filed a "Revised Motion for Clarification" stating that the motion was "essentially a motion to reconsider" the court's order of May 19 which struck his motion of March 29. Mader again requested that the court correct the record to reflect that he opted out of the class. Both of these motions were denied by the trial court on July 19, 1994.

On August 26, 1994, Holton and Mader filed a "Motion to Stay." Finding a lack of jurisdiction, the trial court denied this motion on September 2, 1994.

On September 23, 1994, Holton and Mader filed a notice of appeal from the trial court's orders of November 23, 1993, May 19,

1994, July 19, 1994, and September 2, 1994. That appeal was docketed in this court as No. 1—94—3343. On September 26, 1994, Holton and Mader filed another notice of appeal, identical in all respects to their notice of September 23. This second notice of appeal was docketed in this court as No. 1—94—3344. Both appeals were dismissed by this court on February 10, 1995.

■ At this juncture in our recitation of the facts, we feel compelled to comment on the procedures employed by the appellants in an effort to secure a modification of the judgment in this case. Once the judgment was entered, Holton and Mader had two legitimate avenues of relief. They could have appealed (134 Ill. 2d R. 304(a)), or they could have filed a post-judgment motion within 30 days of the entry of the order (735 ILCS 5/2—1203 (West 1992)). Holton did neither, and Mader filed a timely notice of appeal but then had the appeal dismissed on his own motion. Instead of seeking relief by way of timely post-judgment motions or pursuing timely appeals, Holton and Mader filed and refiled a series of untimely post-judgment motions, each of which was denied by the trial court. As stated by our supreme court in *Sears v. Sears*, 85 Ill. 2d 253, 259, 422 N.E.2d 610 (1981):

> "There is no provision in the Civil Practice Act or the supreme court rules which permits a losing litigant to return to the trial court indefinitely, hoping for a change of heart or a more sympathetic judge. Permitting successive post-judgment motions would tend to prolong the life of a lawsuit—at a time when the efficient administration of justice demands a reduction in the number of cases pending in trial courts—and would lend itself to harassment. There must be finality, a time when the case in the trial court is really over and the loser must appeal or give up."

Regrettably, as the preceding procedural history demonstrates, the post-judgment procedures employed in the instant case were the antithesis of this admonition.

Undaunted by the trial court's denial of their successive and untimely post-judgment motions, Holton and Mader persisted in their attempt to secure a modification of the judgment in this case. On November 1, 1994, while their appeals in docket Nos. 1—94—3343 and 1—94—3344 were still pending and undetermined, Holton and Mader filed two additional pleadings before the trial court. The first, entitled "Motion to Vacate Void Judgment by Excluded Class Members," alleged that the judgment of November 23, 1993, was void as against them. The second, entitled "Motion for Equitable Relief," was brought pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 1994)) and, again, relying on

essentially the same facts which formed the basis of their prior motions, requested that the court modify its judgment of November 23, 1993, to reflect that Holton and Mader had opted out of the class and were not bound by the settlement. Both motions were denied on February 24, 1995.

Thereafter, Holton and Mader filed the instant appeal, contending that the judgment of November 23, 1993, was void as against them because (1) the defendants failed to serve a copy of the opt-out list upon them or their attorney, and (2) the court lacked jurisdiction to enter any order binding them to the settlement in this action as they had expressed an intention to opt out of the class and pursue their individual suits. They also argue that the defendants committed fraud by not including them in the opt-out list presented to the trial court. Finally, Holton and Mader contend that in addition to rendering the judgment void, their contentions entitle them to relief under section 2—1401 of the Code. 735 ILCS 5/2—1401 (West 1994). We affirm.

Holton and Mader assert that the judgment was void because the defendants failed to provide them with notice of the filing of the opt-out list on November 16, 1993, or serve them with a copy of that list. We disagree.

■ We are not unmindful of several appellate decisions holding that an order entered without notice to a party is "void." See *Vortanz v. Elmhurst Memorial Hospital*, 179 Ill. App. 3d 584, 534 N.E.2d 625 (1989); *City of Chicago v. American National Bank & Trust Co.*, 171 Ill. App. 3d 680, 525 N.E.2d 915 (1988); *Maras v. Bertholdt*, 126 Ill. App. 3d 876, 467 N.E.2d 599 (1984); *Wilson v. Moore*, 13 Ill. App. 3d 632, 301 N.E.2d 39 (1973). We view the decisions in these cases as questionable in light of the specific holdings of our supreme court that only orders entered by a court lacking jurisdiction over the person of a party or the subject matter of the litigation are "void." *Buford v. Chief, Park District Police*, 18 Ill. 2d 265, 164 N.E.2d 57 (1960); *Baker v. Brown*, 372 Ill. 336, 23 N.E.2d 710 (1939). Be that as it may, Holton and Mader do not argue that they lacked notice of the entry of the judgment in this action; indeed, the record reflects that their attorney prepared and argued their objections to the order and was present when it was entered. Rather, they base their argument solely upon the defendants' failure to serve them with a copy of the opt-out list. There is no question, however, that Holton and Mader knew of the filing of the list at the time of the entry of the judgment on November 23, 1993, as the order specifically refers to the opt-out list filed on November 16, 1993. The record also leaves no doubt that the list was in fact filed on November 16, 1993.

■ Supreme Court Rule 104(d) specifically provides that the failure to deliver or serve copies of papers filed with the clerk of the court "does not in any way impair the jurisdiction of the court over the person of any party." 134 Ill. 2d R. 104(d). Consequently, nothing in the defendants' failure to serve the opt-out list upon Holton, Mader, or their attorney, in any way impaired the jurisdiction of the court over them.

■ We also disagree with the contention that the judgment was void as against Holton and Mader because they opted out of the class. The individual and published notices approved by the court in this action gave all potential class members, including Holton and Mader, the option that due process requires; namely, to appear and object or to opt out of the class. *Miner v. Gillette Co.*, 87 Ill. 2d 7, 428 N.E.2d 478 (1981); see also 735 ILCS 5/2—804 (West 1992). Mader never sent any opt-out notice, and although Holton sent such a notice on July 13, 1993, he then joined Mader in an objection to the proposed settlement, an act wholly inconsistent with any intent to be excluded from the class. In fact, Holton's objection specifically labeled his opt-out notice as being of "no effect in that it was premature." However, whether Holton's opt-out notice was premature and of no effect is irrelevant. He chose to treat it as such and cannot now, when the occasion suits him, recant and claim error based upon an inconsistent position. See *Auton v. Logan Landfill, Inc.*, 105 Ill. 2d 537, 475 N.E.2d 817 (1984).

Holton and Mader failed to exercise their right to opt out of the class and instead chose to appear and object to the proposed settlement. The fact that their objection states they reserved the right to opt out of the class is of no legal significance. Holton and Mader, like all potential class members, had three options. They could have opted out of the class, in which case the judgment entered in this action would not apply to them (735 ILCS 5/2—804(b) (West 1992)); they had the right to intervene or appear in the action (735 ILCS 5/2—804(a) (West 1992)), which they did; or they could have done nothing. We find nothing in part 8 of the Code (735 ILCS 5/2—801 *et seq.* (West 1992)), however, which permits a potential class member to appear and object to a proposed settlement while at the same time reserving the option to be excluded from the class. Even assuming for the sake of analysis that the reservation contained in their objection had some significance, the fact remains that neither Holton nor Mader acted upon that reservation and opted out of the class prior to the entry of the judgment in this action.

Accordingly, the trial court properly denied Holton and Mader's "Motion to Vacate Void Judgment by Excluded Class Members." We

find nothing in this record to support the contention that the judgment entered in this case was void as against either Holton or Mader. The trial court had jurisdiction over the subject matter of this action, it had jurisdiction over the persons of Holton and Mader, and neither of them opted out of the class prior to the entry of the order. As members of the class, Holton and Mader were bound by the terms of the judgment. See 735 ILCS 5/2—806 (West 1992).

■ Next, we analyze the propriety of the denial of the appellants' motion for "equitable relief" brought pursuant to section 2—1401 (735 ILCS 5/2—1401 (West 1994)).

Fraud can be the basis for awarding an aggrieved party relief from a final judgment under the provisions of section 2—1401 of the Code. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 228-29, 499 N.E.2d 1381 (1986). However, merely characterizing acts as having been done fraudulently is insufficient to establish fraud. *Boatwright v. Delott*, 267 Ill. App. 3d 916, 642 N.E.2d 875 (1994); *Coolbaugh v. Coolbaugh*, 33 Ill. App. 2d 444, 178 N.E.2d 702 (1962). Holder and Mader contend that the defendants committed fraud by failing to include them on the list of individuals who elected to be excluded from the class, by failing to serve a copy of the opt-out list upon them, and, thereafter, by lulling them and the judges presiding over their individual actions into believing that Holton and Mader had been excluded from the class in this case. We find the appellants' contentions questionable at best.

The record fails to support any contention that the defendants misrepresented the status of Holton and Mader before the judges in their individual actions. Further, other than Holton's later-recanted letter of July 13, 1993, there is nothing indicating that either Holton or Mader notified the defendants of their election to opt out of the class. Certainly, Holton and Mader knew whether or not they had sent an election to be excluded from the class as required by the notices given them and all other potential class members. Finally, the defendants' opt-out list was in fact filed of record on November 16, 1993. These facts amply support a finding that the defendants perpetrated no fraud upon the appellants or the court.

There are, however, two additional and equally compelling reasons why Holton and Mader failed to establish their right to relief under section 2—1401.

First, in order to be entitled to relief from a final judgment more than 30 days after its entry, a party must, among other things, plead and prove diligence in bringing a petition pursuant to section 2—1401. *Airoom*, 114 Ill. 2d at 220-21. Holton and Mader failed to establish compliance with the diligence requirement. They contend

that they were not served with the defendants' opt-out list and that their attorney attempted to review the list but it was absent from the trial court's file. According to their brief on appeal, they first saw the list on or about March 4, 1994, when Holton received a copy of Toyota's reply in support of its motion to dismiss his individual action. Accepting these allegations as true, the record reveals that Holton and Mader knew by early January 1994 that they were not included in the list of potential class members who had elected to opt out of the class. Holton and Mader admitted in their "Motion to Vacate Void Judgment by Excluded Class Members" that Toyota moved to dismiss their individual actions based upon the judgment in this case. Toyota's motion was filed in Mader's action on January 5, 1994, and its motion in Holton's action was filed on January 10, 1994. Additionally, in their post-judgment motion filed in this action on January 24, 1994, Holton and Mader state that "their names seemingly were not included on the list of those expressing their intention of [sic] being excluded [from the class]." Yet they waited until November 1, 1994, some nine months, to seek relief under section 2—1401. We find this delay under the circumstances of this case to be a complete lack of diligence.

Second, section 2—1401 petitions are not a substitute for a timely post-judgment motion or a timely appeal. *Shapira v. Lutheran General Hospital*, 199 Ill. App. 3d 479, 557 N.E.2d 351 (1990); *Nenadic v. Grant Hospital*, 75 Ill. App. 3d 614, 394 N.E.2d 527 (1979). A section 2—1401 proceeding is not designed to afford a litigant an opportunity to do that which could have been accomplished at an earlier proceeding. *Taxman v. Health & Hospital Governing Comm'n*, 83 Ill. App. 3d 499, 404 N.E.2d 419 (1980). The purpose of such a petition is to bring to the court's attention facts not known to it at the time it entered judgment. *Lubbers v. Norfolk & Western Ry. Co.*, 105 Ill. 2d 201, 473 N.E.2d 955 (1984). As such, a petition under section 2—1401 cannot be based solely upon matters appearing of record and known to the trial court at the time it entered its order. *Taxman*, 83 Ill. App. 3d 499, 404 N.E.2d 419.

None of the relevant facts alleged by Holton and Mader in support of their section 2—1401 petition relate to matters that were not of record at the time judgment was entered in this case. The defendants' opt-out list, which did not contain the names of Holton and Mader, was filed with the clerk of the court seven days prior to the entry of the judgment and is specifically referred to in the judgment. Further, the pendency of Holton's and Mader's individual actions, and their purported reservation of the right to opt out of the class, were clearly set forth in their objection to the proposed settle-

ment which was considered by the trial court before it entered its judgment. Consequently, because Holton and Mader failed to support their section 2—1401 petition with any evidentiary material establishing facts or matters not of record and not known to the trial court when it entered its judgment in this action, they failed to establish their entitlement to relief. See *Burgess v. Chicago Sun-Times*, 132 Ill. App. 3d 181, 476 N.E.2d 1284 (1985); *Taxman*, 83 Ill. App. 3d 499, 404 N.E.2d 419.

The decision to grant or deny a section 2—1401 petition is committed to the sound discretion of the trial court, and this court will not disturb a trial court's decision in such a matter absent an abuse of that discretion. *Airoom*, 114 Ill. 2d at 221, 499 N.E.2d at 1386. We find no such abuse in this case and affirm the denial of the appellants' motion for equitable relief brought pursuant to section 2—1401.

Affirmed.

CAHILL and O'BRIEN, JJ., concur.