2020 IL App (2d) 190903-U
No. 2-19-0903
Order filed March 27, 2020

NOTICE: This order was filed under Supreme Court Rule 23(c)(2) and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* N.G. and J.G., | ) | Appeal from the Circuit Court |
| Minors | ) | of Lake County. |
| | ) | |
| | ) | |
| | ) | Nos. 18 JA-29 |
| | ) | 18-JA-30 |
| | ) | |
| | ) | |
| (The People of the State of Illinois, Petitioner- | ) | Honorable |
| Appellee v. J.G., Respondent- | ) | Christopher B. Morozin, |
| Appellant). | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

ORDER

¶ 1   *Held*:  We find the trial court did not err in denying respondent's section 2-1401 petition. The remaining issues raised by respondent on appeal, but not raised in his section 2-1401 petition, are dismissed. Affirmed in part and dismissed in part.

¶ 2   This appeal is based on respondent's, J.G.'s, section 2-1401 petition under the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)) to vacate the trial court's adjudication finding that the minors, N.G. and J.G., were neglected and the dispositional finding that respondent was unfit to care for the minors. Respondent raises three other issues on appeal that were not raised in

his section 2-1401 petition. For the reasons set forth, we affirm the court's denial of respondent's section 2-1401 petition, but we dismiss those issues that were not raised in the petition.

¶ 3                                              BACKGROUND

¶ 4     The minors are the natural children of respondent, who is married to their mother. The minors were taken into temporary custody on February 23, 2018, after one of their half-sisters reported that respondent sexually abused her while their mother was at work and while respondent, a registered sex-offender, was caring for the minors and their three half-sisters unsupervised. On February 27, 2018, at the shelter care hearing where respondent was not present, the minor's mother stipulated that respondent was a registered sex offender when he had sexual contact with the minor's half-sister, who was also a minor, on February 19, 2018, while all the minor children were present in the home. The trial court found probable cause that the minors were neglected and entered a temporary custody order appointing the Department of Children and Family Services (DCFS) as the minors' temporary guardian.

¶ 5     On April 26, 2018, an adjudication hearing took place where the minors were adjudicated neglected pursuant to section 2-3(1)(b) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2-3(1)(b) (West 2018)), in that their environment was injurious to their welfare. The adjudication was based upon the minors' mother's stipulation that the minors and their half-siblings were left unsupervised with respondent, who is a registered sex offender. The other allegations in the petition for adjudication of wardship (*i.e.*, that respondent sexually molested one of the half-sisters while watching the children) were withdrawn for purposes of the agreed stipulation. Respondent was present in court and represented by counsel when the stipulation was entered, though the record is silent as to whether he was a party to the stipulation. Respondent did not present any evidence or argument prior to the adjudication of neglect.

¶ 6    On July 19, 2018, a dispositional hearing took place pursuant to section 2-22 of the Act (705 ILCS 405/2-22 (West 2018)).  There was no live testimony or argument; rather, the court ruled based upon the unobjected to factual basis of the assistant state's attorney that "[t]he minors are in an injurious environment, and [respondent], father or stepfather of the minors, is a registered sex offender, and the minors will testify that the mother left the minors in the care of [respondent] unsupervised by another adult."  Immediately after the factual basis was provided, the court asked respondent if he wanted to address the court before it issued a ruling and disposition, to which respondent answered no.  The court then found respondent unfit, and based upon the disposition reports, the court-appointed special advocate (CASA) report, the integrated assessment report, as well as the factual basis of the assistant state's attorney, the court appointed DCFS legal guardian and custodian of the minors, and ordered respondent to have no contact with the minors until further order of the court.  The court admonished respondent as to his appeal rights, but no post-hearing motions were filed, and no appeal was taken within 30 days from the dispositional order date.

¶ 7    Respondent filed a series of motions starting on May 6, 2019, including a section 2-1401 petition to vacate the adjudication of neglect and the dispositional findings that respondent was unfit to care for the minors, which he filed on July 19, 2019.  On October 8, 2019, the trial court, *inter alia,* denied respondent's section 2-1401 petition to vacate the findings of neglect and unfitness, adopting the State's argument that respondent had no legal basis for his claim. Respondent filed a petition for leave to appeal on October 25, 2019.  On November 7, 2019, we granted respondent leave to appeal without a special finding from an order denying relief prayed for in his section 2-1401 petition, pursuant to Illinois Supreme Court Rule 304(b)(3) (eff. March 8, 2016).

¶ 8    On appeal, respondent contends the trial court erred: (1) by denying his petition to vacate the adjudication and dispositional orders; (2) by denying his motion to modify the dispositional order to return the minors to their mother; (3) by not complying with the statutorily-required time frame for permanency hearings; and (4) by denying his request for visitation.

¶ 9                                    ANALYSIS

¶ 10    Respondent brings this appeal from the denial of his section 2-1401 petition, which provides for relief from final orders after 30 days from entry.  See 735 ILCS 5/2-1401 (West 2018).  See also *In re M.J.*, 314 Ill. App. 3d 649, 655 (2000) (in juvenile cases, the dispositional order generally is the final order from which an appeal properly lies).  Respondent's section 2-1401 petition was timely filed because it was filed no later than one year after the dispositional order.

¶ 11    Initially, the parties dispute the applicable standard of review regarding the grant or denial of a section 2-1401 petition.  Respondent contends that the standard of review is *de novo*, whereas the State contends that the deferential "abuse of discretion" standard applies to review an order disposing of a section 2-1401 petition.  Our supreme court has explained that "a section 2-1401 petition can present either a factual or legal challenge to a final judgment or order" and that the nature of the challenge presented "dictates the proper standard of review on appeal."  *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31.  A fact dependent judgment under section 2-1401 will not be reversed absent an abuse of discretion.  *Id.* at ¶ 37 (citing *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986)).  In contrast, a purely legal-based judgment is reviewed *de novo*.  *Warren County Soil*, 2015 IL 117783, ¶ 42 (citing *People v. Vincent*, 226 Ill. 2d 1, 15-18 (2007)).  At both the adjudication hearing and dispositional hearing, all the evidence presented was by way of stipulation or proffer, such that we will review the court's application of the legal standards to the uncontested facts *de novo*.

¶ 12    To obtain relief from a final order under section 2-1401, the respondent must set forth specific factual allegations supporting *each* of the following elements: (1) the existence of a meritorious defense; (2) due diligence in presenting this defense or claim to the trial court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief. *Airoom*, 114 Ill. 2d at 220-21. The purpose of a section 2-1401 petition is for a party to bring to the court's attention facts that, if known at the time it rendered its judgment, would have changed the court's determination. See *In re Marriage of Arjmand*, 2013 IL App (2d) 120639, ¶ 29. The quantum of proof necessary to sustain a section 2-1401 petition is a preponderance of the evidence. *Airoom* at 221.

¶ 13    Here, respondent offers no facts unknown at the time of the hearings that might suggest a meritorious defense. Instead, the gravamen of respondent's section 2-1401 claim is that the trial court erred as a matter of law when it premised both its neglect adjudication and unfitness disposition on respondent's status as a sex offender while supervising the minors without adult supervision. *See In re L.M.,* 319 Ill. App. 3d 865, 868-69 (2001) (respondent's status as a sex offender alone, in the absence of other factors, does not establish an injurious environment). Respondent did not appeal the trial court's neglect and unfitness determinations, notwithstanding that he was represented by counsel and admonished as to his right to appeal within 30 days.

¶ 14    The purpose of a section 2-1401 petition is not to provide for review of an order from which a party could have taken a timely appeal, and it cannot be invoked as a substitute for a party's right to appeal. *Niemberg v. Bonelli,* 344 Ill. App. 3d 459, 465-66 (2003). Respondent has failed to present any evidence that the stipulated facts were untrue or that there existed facts then unknown that would have supported a meritorious defense to the petition for adjudication of wardship. Accordingly, the trial court properly dismissed respondent's section 2-1401 petition.

¶ 15    To escape the deficiencies in his section 2-1401 petition, respondent resorts to a claim that he received ineffective assistance of counsel.  Initially, we note that a petitioner generally cannot use a section 2-1401 petition as a substitute for an appeal in order to escape the claimed negligence of counsel.  *Taxman v. Health & Hospital Governing Commission of Cook County*, 83 Ill. App. 3d 499, 501 (1980).  Moreover, as with a variety of other claims raised in this appeal, respondent's ineffective assistance claim is not contained in his 2-1401 petition.  We granted respondent leave to appeal without a special finding only from the order denying the relief prayed for in his section 2-1401 petition, pursuant to Rule 304(b)(3).  To the extent respondent raises claims not set forth in his section 2-1401 petition, they are dismissed.

¶ 16                              CONCLUSION

¶ 17    For the foregoing reasons, we affirm the judgment of the circuit court of Lake County denying respondent's section 2-1401 petition, but we dismiss the remaining issues that were not raised in the petition.

¶ 18    Affirmed in part; dismissed in part.