2024 IL App (1st) 231811-U

No. 1-23-1811

Order filed October 11, 2024

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MARLENE STALLONE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CH 5118 |
| | ) | |
| TERRY ATKIELS and JOHN DOHERTY, | ) | Honorable |
| | ) | Alison J. Conlon, |
| Defendants-Appellees. | ) | Judge, presiding. |
| | ) | |
| | ) | |

JUSTICE MITCHELL delivered the judgment of the court.
Justice Oden Johnson and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Denial of plaintiff's petition to vacate dismissal of her case for want of prosecution is affirmed where she did not establish due diligence.

¶ 2    Plaintiff Marlene Stallone appeals the denial of her petition to vacate dismissal of her case against defendants Terry Atkiels and John Doherty under section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2022). The issue presented is whether the circuit court abused its discretion by denying plaintiff's petition because she failed to establish due diligence in

the underlying action and in presenting her section 2-1401 petition. For the following reasons, we affirm.

¶ 3                              I. BACKGROUND

¶ 4     In a series of transactions between 2006 and 2009, plaintiff borrowed upwards of $500,000 from defendant Atkiels and pledged as collateral real property in which she had a beneficial interest. Plaintiff then defaulted on the loan. As a consequence, pursuant to the parties' escrow agreement, the property was deeded to Atkiels. When plaintiff refused to vacate the property, Atkiels filed an eviction action. Plaintiff brought a counterclaim (the claim at issue in this case) in which she alleged that defendants Atkiels and Doherty (her former lawyer) defrauded her.

¶ 5     After over a decade of on-and-off litigation, the circuit court dismissed plaintiff's case for want of prosecution on January 28, 2021. At that point, the case had been set for trial multiple times, dismissed for want of prosecution in April 2016 and refiled in 2017. Almost two years after the January 2021 dismissal, plaintiff petitioned to vacate the dismissal under section 2-1401.

¶ 6     On September 7, 2023, the circuit court denied plaintiff's petition. The circuit court examined the elements of a valid section 2-1401 claim under *Smith v. Airoom, Inc.* and concluded that plaintiff failed to establish due diligence in both the original action and in the section 2-1401 proceedings. 114 Ill. 2d 209, 220-21 (1986). The circuit court also considered the equities but found that they weighed against plaintiff. Plaintiff took this timely appeal. Ill. S. Ct. R. 303(a) (eff. July 1, 2017); 304(b)(3) (eff. Mar. 8, 2016) (permitting appeal of orders granting or denying relief under section 2-1401).

¶ 7                                    II. ANALYSIS

¶ 8      Plaintiff argues that her delay in filing the section 2-1401 petition was due not to lack of diligence but to her attorney's disappearance and her own advanced age and ill health. Defendants contend that plaintiff is accountable for her attorney's actions, and, in any case, plaintiff did not exercise diligence when she failed to keep herself informed of the status of her case. They also point to the protracted litigation as evidence of lack of diligence in the original action.

Plaintiff suggests a *de novo* standard of review but also seems to acknowledge that an abuse of discretion standard is proper. To clarify, we review a circuit court's decision on a section 2-1401 petition *de novo* only when the petition presents "purely legal" questions. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 47. The grant or denial of a fact-dependent section 2-1401 petition is "within the sound discretion of the circuit court, depending on the facts and equities presented." *Warren County*, 2015 IL 117783, ¶ 37 (citing *Airoom*, 114 Ill. 2d at 221). A circuit court does not abuse its discretion unless it acts "arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law\*\*\*." *Venzor v. Carmen's Pizza Corp.*, 235 Ill. App. 3d 1053, 1059 (1992).

¶ 9      Section 2-1401 provides a mechanism for a party to vacate a final order or judgment after 30 days from its entry. 735 ILCS 5/2-1401(a) (West 2022). To obtain relief, a party must petition within two years of the final order or judgment and provide "an affidavit or other appropriate showing as to matters not of record." *Id.* § 2-1401(a)-(c). "The purpose of section 2-1401 is to give litigants a chance after judgment is entered to present facts to the court that, if known at the time the judgment was entered, would have prevented the entry of judgment." *Giles v. Parks*, 2018 IL App (1st) 163152, ¶ 19. It does not relieve a litigant of the consequences of her own mistakes or

the negligence of her counsel. *Taxman v. Health & Hospital Governing Comm'n of Cook County*, 83 Ill. App. 3d 499, 501 (1980).

¶ 10    To prevail under section 2-1401, "a petitioner must show by a preponderance of the evidence: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim; and (3) due diligence in filing the section 2-1401 petition." *Juszczyk v. Flores*, 334 Ill. App. 3d 122, 126-27 (2002) (citing *Airoom*, 114 Ill. 2d at 220-21). Generally, if the parties disagree on the relevant facts, the circuit court must hold an evidentiary hearing. *Airoom*, 114 Ill. 2d at 223. But where, as here, the parties waive the hearing, the court may decide the petition "on the basis of the pleadings, affidavits, and supporting materials in evidence[.]" *Id.* (also considering the "chronological development of the litigation").

Establishing due diligence requires a "reasonable excuse for failing to act within the appropriate time." *Id.* at 222. While section 2-1401 allows a petitioner two years to file, not every timely petitioner is held diligent. *Juszczyk*, 334 Ill. App. 3d at 127 (petitioner held insufficiently diligent where he filed for relief after two and a half months); *Cooper v. United Development Co.*, 122 Ill. App. 3d 850, 857 (1984) (three-month delay demonstrated lack of diligence where petitioners "were not precluded from filing their petition at an earlier date, and [] could have discovered the existence of the [order] sooner had they inquired of either the trial court or defendants."). Ultimately, "[n]o bright-line rule exists for judging whether a petitioner has acted diligently," so courts judge diligence by the reasonableness of the petitioner's conduct under the circumstances. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 99-100 (2006).

¶ 11                    A. Diligence in the Original Action

¶ 12    The circuit court concluded, based on the facts apparent on the face of the record and

plaintiff's affidavit, that plaintiff failed to establish due diligence in the original action. *Airoom*, 114 Ill. 2d at 221 (petitioner must establish "due diligence in presenting [petitioner's] defense or claim to the circuit court in the original action"). In the months leading up to the January 2021 dismissal for want of prosecution, plaintiff's counsel withdrew. On November 30, 2020, the circuit court ordered plaintiff or new counsel to file an appearance by January 8, 2021. Plaintiff did not file an additional appearance or appear at a status hearing on January 28, 2021, resulting in a DWP.

¶ 13 Plaintiff acknowledged in her supporting affidavit that she was aware of her attorney's withdrawal and that the case was pending but stated that she was unaware of the status hearing that resulted in the DWP. The circuit court noted that between plaintiff's refiling in April 2017 and the DWP from which plaintiff seeks relief, "[v]ery little progress was made, other than new attorney appearances and withdrawals on behalf of Plaintiff." The circuit court explained that despite knowing that her counsel had withdrawn in November 2020 and having ample opportunity to inquire about a next court date, plaintiff did not make any attempt to learn the status of her case.

¶ 14 The circuit court was required to take notice of "all of the circumstances attendant upon entry of the judgment[,]" *Airoom*, 114 Ill. 2d at 222, and it did so in noting that litigation had already been subject to severe delays, several of which were attributable to plaintiff. Where plaintiff did not apprise herself of her case's status for approximately two months after her attorney withdrew, despite previous substitutions of counsel making her aware that her intervention was required, the circuit court could reasonably conclude that this constituted a lack of diligence.

¶ 15 Moreover, the record reflects that plaintiff's case has been set for trial multiple times, first in July of 2015. Plaintiff moved to continue trial. The court granted plaintiff's motion, noting that the case would be set again for trial on October 19, 2015, and that it was "a 'must-go' trial setting,

and [would] proceed regardless of the health of Stallone's counsel." The October trial did not occur, and defendants successfully moved to dismiss plaintiff's action for want of prosecution in February of 2016. In the refiled action, trial was scheduled again for April of 2019 but was continued on the court's own motion. Though the circuit court's order discussed the trial dates with respect to the equities, the fact that the action was unsuccessfully scheduled for trial three times also bolsters the circuit court's decision to deny plaintiff relief due to lack of diligence.

¶ 16    Plaintiff argues that the circuit court applied the wrong legal standard to assess plaintiff's diligence. Citing *Airoom*, plaintiff argues that the court should not have examined plaintiff's diligence in the original action at all and instead could only consider plaintiff's diligence in filing for relief under section 2-1401 after the case was dismissed. 114 Ill. 2d at 224.

¶ 17    *Airoom* and later cases make clear, however, that it is both the party's diligence in the section 2-1401 proceedings *and* diligence in presenting its claims in the original action that the court must consider in deciding whether to grant the petition. *Warren County*, 2015 IL 117783, ¶ 37 (explaining that under *Airoom* a court must determine whether petitioner exercised "due diligence in presenting [petitioner's] defense or claim to the circuit court in the original action *and* [] due diligence in filing the section 2-1401 petition for relief" (Emphasis added.)).

¶ 18                    B. Diligence in Seeking Relief under Section 2-1401

¶ 19    The circuit court also held that plaintiff failed to establish due diligence in petitioning for relief under section 2-1401. Shortly after the January 28, 2021 DWP, plaintiff retained a new attorney. The attorney filed a motion to vacate the DWP under section 2-1301 of the Code of Civil Procedure on February 22, 2021. 735 ILCS 5/2-1301(e) (West 2020). The circuit court ultimately denied the section 2-1301 motion on December 29, 2021. In her affidavit, plaintiff states that the

attorney "never informed her that there were any objections or other issues relating to vacating the dismissal for want of prosecution." Then, the attorney ceased all communication with plaintiff in November 2021. Altogether, nearly two years passed from the DWP on January 28, 2021, to the filing of the section 2-1401 petition on January 27, 2023. Plaintiff argues in part that she relied on her counsel and that his abandonment of her case caused her delay.

¶ 20 Petitioners are not excused from the diligence requirement just because their attorney is negligent:

> "To the extent plaintiff blames his attorney, it is well settled that litigants are bound by the mistakes or negligence of their attorney. [Citation.] A litigant has a duty to follow the progress of his or her case, and a section 2–1401 petition will not relieve a litigant of the consequences of an attorney's negligence." *Giles*, 2018 IL App (1st) 163152, ¶ 20.

See also *Taxman*, 83 Ill. App. 3d at 501; *Dassion v. Homan*, 161 Ill. App. 3d 141, 146 (1987) (holding that "plaintiffs cannot divorce themselves from the conduct of their attorney when petitioning for post-judgment relief under section 2-1401."). Here, there was an almost two-year delay in filing the section 2-1401 petition. It was therefore incumbent on plaintiff to establish a reasonable excuse for that delay. *Airoom*, 114 Ill. 2d at 222. The case law is clear that her attorney's conduct cannot be that excuse and does not relieve plaintiff of her duty to monitor her own case. Even setting aside the period in which plaintiff says that she called her attorney and that he withheld information from her about the motion to vacate, plaintiff does not aver that she ever checked on the status of the case with the court or defendants after her attorney went silent in November 2021. As the circuit court observed, her only action, seven months after losing touch with counsel, was to call the ARDC in June 2022. She explains that she only learned that the DWP

was not vacated when the ARDC contacted her in December 2022.

¶ 21     The circuit court considered the applicable law regarding the actions of counsel and the long periods of inaction on the part of plaintiff and concluded that, viewing the circumstances of the case in their entirety, plaintiff had not established a reasonable excuse for her failure to act. Though the circuit court did not directly address plaintiff's age and poor health, we cannot say that the court acted arbitrarily where it weighed the facts against the law and held that plaintiff did not diligently pursue her section 2-1401 petition.

¶ 22     Plaintiff also contends on appeal that the circuit court wrongly denied her 2-1301 motion to vacate the DWP in December 2021 when it concluded it lacked jurisdiction to consider the motion. Even if plaintiff is correct that the court erred, plaintiff could have taken an appeal from that order. *Dulin, Thienpont, Potthast & Snyder, Ltd. v. Packaging Personified, Inc.*, 89 Ill. App. 3d 647, 649 (1980) (explaining that a party has 30 days to appeal the circuit court's denial of the party's motion to vacate dismissal to appeal). The purpose of a section 2-1401 petition is to bring matters to the attention of the court not known to it when it entered judgment, not "to afford a litigant an opportunity to do that which could have been accomplished at an earlier proceeding." *Mortimer v. River Oaks Toyota, Inc.*, 278 Ill. App. 3d 597, 605 (1996) ("[S]ection 2-1401 petitions are not a substitute for a timely post-judgment motion or a timely appeal.")

¶ 23             C. Impact of Equities on Decision to Deny Section 2-1401 Petition

Plaintiff argues that the circuit court should not have held plaintiff, an elderly woman in a nursing home, responsible for monitoring the status of her case when her attorney failed to communicate with her.

The diligence standard may be relaxed when equity requires it. *Warren County*, 2015 IL

117783, ¶ 51 ("[T]he trial court may also consider equitable considerations to relax the applicable due diligence standards under the appropriate limited circumstances.") Plaintiff raises valid equitable concerns. However, the circuit court had these facts before it in the form of plaintiff's affidavit and determined that they did not excuse the repeated failure to move the case forward. The circuit court explained that "[a] thorough review of the record convinces this Court that Plaintiff has been given opportunities time and time again to prosecute this case, and it continuously goes nowhere." As a result, the circuit court "[found] no injustice in denying this Petition."

While a different trial judge confronting these same facts might have reached the opposite conclusion, we cannot say that renders the circuit court's decision here an abuse of discretion. Discretion connotes an absence of a hard and fast rule such that two judges ruling on the same question can reach opposite conclusions and both be affirmed. *United States v. Williams*, 81 F.3d 1434, 1437 (7th Cir. 1996) (Posner, J.). "In determining whether there has been an abuse of discretion, we may not substitute our judgment for that of the trial court, or even determine whether the trial court exercised its discretion wisely." *Simmons v. Garces*, 198 Ill. 2d 541, 568 (2002). Here, the circuit court did what the law required: it applied the correct legal standard and weighed the various factors in an employment of conscientious judgment.

¶ 24                                    III. CONCLUSION

¶ 25    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 26    Affirmed.