THE PEOPLE *ex rel.* BERNARD CAREY, State's Attorney of Cook County, Plaintiff-Appellant, *v.* 1976 CHEVROLET VAN SERIAL NO. CGV1564131316, Defendant-Appellee.

First District (3rd Division)   No. 78-660

Opinion filed May 30, 1979.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., Solomon Slotky, and Michael F. Baccash, Assistant State's Attorneys, of counsel), for appellant.

Edward M. Genson and Jeffrey B. Steinbeck, both of Chicago (Cheryl I. Harris, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The People of the State of Illinois brought this *in rem* action to declare a certain vehicle forfeited. (Ill. Rev. Stat. 1975, ch. 38, par. 36—1 *et seq.*) After hearing evidence, the trial court refused to enter a forfeiture order. The court, instead, awarded the vehicle to a person whom it found to be the true owner. That person's interest had not been recorded in the office of the Secretary of State.

Plaintiff contends on appeal that the trial court erred in interpreting the word "owner" as applying to a person who has no recorded interest in the vehicle. Plaintiff argues in the alternative that the trial court's determination of ownership was contrary to the manifest weight of the evidence.

On August 9, 1977, plaintiff filed a complaint requesting that a 1976 Chevrolet van be forfeited and sold or otherwise disposed of as provided by statute. The basis of the complaint was that the vehicle had been used by James P. Burgess in violation of the Illinois Controlled Substances Act. (Ill. Rev. Stat. 1975, ch. 56½, par. 1100 *et seq.*) Notice of the proceedings was sent to James P. Burgess whose interest in the vehicle was of record in the office of the Secretary of State.

Default proceedings on the issue of forfeiture were held on October 19, 1977. A narcotics officer testified as to the purchase of heroin from James P. Burgess, the arrest of Burgess, and the seizure of the van from which the heroin sale took place. Another officer testified that a registration check revealed said vehicle was registered to James P. Burgess. The court continued the cause, but indicated that the forfeiture order would be entered.

On November 9, 1977, James P. Burgess filed what was entitled a motion to vacate judgment. The motion recited that his father, James Y. Burgess, was the true owner of the van and that the father had no knowledge the vehicle would be used in the violation of any law. The motion requested that the vehicle be returned to the father. The trial court granted a hearing on the motion. The hearing, at which the parties

stipulated that the sole issue was ownership of the vehicle, was held on December 14, 1977.

James Y. Burgess, the father, testified that he had told his son to come home to "get straightened out." His son asked to purchase a van, and the father let him have $5000 to purchase the van in the father's name. Despite that instruction, the son placed the title in his own name. The father kept physical possession of the title and figured he owned the van. He permitted the son to use the vehicle, but he was unaware of any illegal activities on the part of his son relative to the charge in question. The witness had made no express agreement with his son as to repayment. The son was to repay "as much as he could, when he could." In response to a question by the trial court as to whether he was to get his $5000, the father stated: "We didn't make no agreement on payments back—whatever he could afford to pay me back."

James P. Burgess testified that he intended to register the vehicle in his father's name. He did not do so because the lady at the currency exchange said it could not be done unless his father was with him. The witness figured he could make payments to his father anyway, and had paid his father $900.

On February 1, 1978, the trial court, after hearing argument, refused to enter a forfeiture order in favor of plaintiff. Rather, it entered an order remitting the vehicle to "its true owner," James Y. Burgess.

We initially consider plaintiff's contention that the trial court's determination of ownership was contrary to the manifest weight of the evidence.

■■ A forfeiture action is an *in rem* proceeding against the item used in the commission of a crime. (*People ex rel. Hanrahan v. One 1965 Oldsmobile* (1972), 52 Ill. 2d 37, 284 N.E.2d 646, *rev'd on other grounds* (1972), 409 U.S. 38, 34 L. Ed. 2d 47, 93 S. Ct. 30.) The legislative policy behind forfeiture statutes is that forfeiture of vehicles is permitted in order to repress certain types of crimes when these vehicles are used in the commission thereof. *One 1965 Oldsmobile.*

Plaintiff argues that the trial court's determination finding the father to be the "true owner" of the van was contrary to the manifest weight of the evidence. We agree.

■■ The vehicle is listed on the registration only in the son's name. The father knew that only the son was listed as owner, but took no action to have the registration changed. The father suggests that the failure was inadvertent, but nothing in the record supports that conclusion. More importantly, there was no binding agreement between the parties requiring the son to pay the father for the vehicle. The absence of any agreement is apparent from the father's testimony. The son was free to pay whatever he could afford and free to pay the father only if he could

afford it. The evidence was overwhelming that the son was the owner of the van. The trial court's determination that the father was the true owner of the vehicle was contrary to the manifest weight of the evidence.

In view of our holding, it is unnecessary to consider plaintiff's contention that under the statute a person who has no recorded interest in a vehicle cannot be considered an owner of the vehicle.

For the reasons stated, the order of the circuit court of Cook County awarding the vehicle to James Y. Burgess is reversed, and the cause is remanded to the trial court with directions to enter the forfeiture order.

Order reversed and cause remanded with directions.

SIMON, P. J., and RIZZI, J., concur.