THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ONE 1978 MAZDA GLC HATCHBACK AUTOMOBILE, SERIAL NO.
FA4TS700177, LICENSE NO. IL 1981, JW 7362, *et al.*, Defendants-
Appellees.

Fifth District   No. 82—210

Opinion filed April 19, 1983.

Randy Patchett, State's Attorney, of Marion (Stephen E. Norris and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

James B. Bleyer, of Marion, for appellee.

JUSTICE KARNS delivered the opinion of the court:

The State brought this action for the forfeiture of an automobile pursuant to article 36 of the Criminal Code, Seizure and Forfeiture of Vessels, Vehicles and Aircraft (Ill. Rev. Stat. 1981, ch. 38, par. 36—1). The circuit court for Williamson County denied the State's forfeiture petition, finding that the car was owned by a person not a party to the litigation.

On December 16, 1981, the State's Attorney filed a forfeiture

complaint alleging that defendant, John Louis Whitright, was the owner of a 1978 Mazda GLC Hatchback, bearing serial number FA4TS700177, license number Illinois 1981, JW 7362. The complaint alleged that defendant used the motor vehicle in the commission of the felony of possessing between 30 and 500 grams of a substance containing cannabis in violation of section 4 of the Cannabis Control Act (Ill. Rev. Stat. 1981, ch. 56½, par. 704(d)). In addition, the petition stated that the motor vehicle was seized on December 6, 1981. Notice of the forfeiture proceedings was sent to defendant.

On December 22, 1981, defendant filed an answer in which he alleged that the search and seizure of the cannabis was unlawful and that any evidence should be suppressed and not admitted into evidence. Defendant denied the allegations of the complaint and requested that it be dismissed and all relief sought be denied.

A hearing was held on February 2, 1982, at which defendant testified that he was the owner of record of the 1978 Mazda GLC Hatchback. Defendant further testified that the automobile was purchased by his father who furnished all the money for the purchase. Defendant testified that title to the automobile was in his name but that he would repay his father for the full value of the automobile and that he considered his father to be the owner.

On cross-examination, defendant stated that he intended to pay his father but had not yet started to do so. Defendant also stated that since the car was purchased in August 1981, he was the only one who normally possessed a key to the automobile.

James H. Whitright, defendant's father, testified that he purchased the automobile by giving Wallace Motors in Carbondale a check for the full purchase price of $3,470. Whitwright stated that he considered himself to be the owner of the automobile so long as his son owed him money for the purchase price.

On February 4, 1982, the trial court, after hearing the evidence, denied the forfeiture complaint and ordered that the automobile be returned to its lawful owner, defendant's father. On March 9, 1982, the State filed a motion to reconsider, alleging that the court's finding that defendant's father had an interest in the automobile was contrary to the manifest weight of the evidence. The court denied the motion to reconsider and this appeal followed.

The State contends on appeal that the trial court erred in holding that an unrecorded interest was sufficient to defeat forfeiture proceedings. The State maintains that defendant's father's failure to record his interest excluded him from the protection of the forfeiture statute.

A forfeiture action is an *in rem* proceeding against the item used in the commission of a crime. The legislative policy behind forfeiture statutes is that forfeiture of vehicles is permitted in order to repress certain types of crimes when these vehicles are used in the commission thereof. *People ex rel. Carey v. 1976 Chevrolet Van Serial No. CGV1564131316* (1979), 72 Ill. App. 3d 758, 760, 391 N.E.2d 137, 139.

Section 36—1 of the Criminal Code of 1961 provides for the seizure of any vehicle used in the commission of a felony with the knowledge of the owner. (Ill. Rev. Stat. 1981, ch. 38, par. 36—1.) This section provides that the sheriff shall give notice of the seizure to each person "whose right, title or interest is of record in the office of the Secretary of State." Section 36—1(a) provides that the State's Attorney shall promptly release any vehicle to any lienholder or secured party "whose right, title or interest is of record as described in Section 36—1," if such lienholder or secured party shows to the State's Attorney that his lien or secured interest is *bona fide* and was created without knowledge that the vehicle was used in the commission of an offense. Ill. Rev. Stat. 1981, ch. 38, par. 36(1)(a).

In the instant case, the trial court, in denying the forfeiture complaint, found that "[t]here was no evidence of a loan of money from the defendant's father to the defendant." The court went on to state that "[a]s between the defendant's father and the defendant, the father owned an interest that was not recorded or made of public record." The court also noted that "[i]t is not clear why the son held title with nothing in writing to show a lien in the father; yet this was a family relationship and thus loosely conducted." After reviewing the trial court's findings, we hold that the father's unrecorded interest was not a proper basis for denying the forfeiture complaint.

In *People ex rel. Carey v. 1976 Chevrolet Van Serial No. CGV1564131316* (1979), 72 Ill. App. 3d 758, 391 N.E.2d 137, a case involving facts similar to those presented here, the court held that the determination that defendant's father was the "true owner" of the vehicle, which was in defendant's name, was contrary to the manifest weight of the evidence. In that case, defendant's father testified that he gave his son $5,000 to purchase the van in his father's name. Defendant, however, placed the title to the vehicle in his own name; although the father stated that the failure to place title in his own name was inadvertent, he did not take any action to change the registration.

The court in the *1976 Chevrolet Van* case reversed the trial court, stating that there was no binding agreement requiring defendant to pay his father for the vehicle. In reaching its decision, the court did

not address plaintiff's contention that under the forfeiture statute a person who has no recorded interest in a vehicle cannot be considered an owner of the vehicle. The trial court in the present case noted this omission in denying the forfeiture complaint.

■■ We believe that the forfeiture statute is clear and unambiguous in protecting only individuals whose ownership interest is of record. Defendant's father's failure to record his interest in the automobile precludes him from contesting the forfeiture. Although we realize that the statute may impose an unanticipated hardship upon defendant's father, we believe that the language of the statute allows no other result.

■■ Defendant contends that the forfeiture statute vested the trial court with broad discretion to determine the sufficiency of the evidence and whether forfeiture should be ordered. In support of his position, defendant points to the use of the word "may" in section 36—2 of the Criminal Code of 1961. The language to which defendant refers states, "Where the State has made such showing, the Court may order the vessel, vehicle or aircraft destroyed; may order it delivered to any local, municipal or county law enforcement agency, or the Department of Law Enforcement of the State of Illinois; or may order it sold at public auction." (Ill. Rev. Stat. 1981, ch. 38, par. 36—2.) We believe that the word "may" as used in section 36—2 does not grant a trial court the broad discretion that defendant suggests, but rather refers to alternative dispositions of the vehicle in question.

For the foregoing reasons, the judgment of the circuit court of Williamson County denying the State's forfeiture complaint is reversed.

Reversed.

HARRISON, P.J., and JONES, J., concur.