THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
WILLIE GLENN *et al.*, Defendant-Appellee.

Fifth District   No. 5—85—0426

Opinion filed May 2, 1986.

Barbara Adams, State's Attorney, of Hillsboro (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

James R. Burgess, Jr., of Urbana, for appellee.

JUSTICE JONES delivered the opinion of the court:

The State brought this action for the forfeiture of an automobile pursuant to section 36—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 36—1). The circuit court of Montgomery County dismissed the State's forfeiture petition, finding that a 12-month delay between the filing and the post-seizure hearing was an unreasonable delay in violation of due process of law.

The State filed a complaint for forfeiture of a 1978 Fiat automobile on May 7, 1984, alleging that it was involved in the commission of the offenses of Unlawful Possession of Cannabis and Unlawful Possession of Cannabis With Intent to Deliver in violation of sections 704(d) and 705(d) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1983, ch. 56½, pars. 704(d), 705(d)). On May 24, 1984, defendant, Willie Glenn, filed an answer and a motion to dismiss the complaint, asserting that he had been misjoined as a party defendant. The defendant's motion to dismiss was denied. On April 17, 1985, the State was granted a writ of *habeas corpus* to testify to bring Glenn to the forfeiture hearing scheduled for May 7, 1985. Subsequently, on May 6, 1985, defendant filed a motion to dismiss asserting that the seizure and retention of said vehicle for more than 12 months violated sections 36—1 and 36—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, pars. 36—1, 36—2), and the fifth and fourteenth amendments of the United States Constitution. The motion to dismiss was granted on May 23, 1985. The State filed a motion to vacate, which was heard and denied on June 7, 1985. On appeal the State asserts that the trial court erred in dismissing its complaint for forfeiture under sections 36—1 and 36—2. (Ill. Rev. Stat. 1983, ch. 38, pars. 36—1, 36—2.) The State also argues that defendant's motion to dismiss was filed untimely.

The State asserts that the trial court erred in dismissing the complaint for forfeiture because the 12-month delay between the filing and the post-seizure hearing was not unreasonable. "Unlike the situation where due process requires a prior hearing, there is no obvious bright line dictating when a postseizure hearing must occur." (*United States v. Eight Thousand Eight Hundred and Fifty Dollars* (1983), 461 U.S. 555, 562, 76 L. Ed. 2d 143, 151, 103 S. Ct. 2005, 2011.) The question raised on appeal is one of first impression in this jurisdiction.

Defendant draws an analogy between the present forfeiture proceeding and a criminal case where a defendant has a right to a speedy trial once a prosecution has been commenced. However, we

think the analogy is inappropriate because a forfeiture action is clearly a civil proceeding and should be governed by the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 1—101 *et seq.*) "[An action for forfeiture of a vehicle used in the commission of a criminal offense] is civil in form, although criminal in nature, and it has been held that the application of provisions of the Civil Practice Act is proper." (*People ex rel. Stamos v. Chevrolet* (1968), 99 Ill. App. 2d 201, 205, 240 N.E.2d 169, 171.) "[A forfeiture proceeding] is a civil sanction which may be regarded as a penalty for the negligence of the owner, and is entirely separate from the criminal case." (*United States v. One 1977 Pontiac Grand Prix, VIN2J5P137057* (N.D. Ill. 1979), 483 F. Supp. 48, 49.) Further, section 36—2 clearly states: "The State shall show at such hearing by a preponderance of the evidence, that such *** vehicle *** was used in the commission of an offense described in section 36—1 ***." Ill. Rev. Stat. 1983, ch. 38, par. 36—2.

■ The State's burden of proof in the present case is certainly not the standard used in a criminal proceeding. It is illogical to assume that the statute would mandate a preponderance of the evidence standard in a criminal action; clearly, the legislative intent was that a forfeiture proceeding is civil and governed by the Code of Civil Procedure. It is also improper to draw an analogy between the present case and a criminal case because the rights are so distinguishable. This is an action against property, which has no civil rights. "A forfeiture action is an *in rem* proceeding against the item used in the commission of a crime." (*People v. One 1978 Mazda GLC Hatchback Automobile Serial No. FA4TS700177* (1983), 115 Ill. App. 3d 187, 189, 450 N.E.2d 339, 340.) Therefore, it is incorrect to assert that a criminal standard should be employed in a civil forfeiture proceeding and that a 12-month delay was fatal to the forfeiture action.

Defendant further asserts that all statutory conditions must be satisfied in order to proceed under sections 36—1 and 36—2. (Ill. Rev. Stat. 1983, ch. 38, pars. 36—1, 36—2.) Under section 36—1, after the seizure the property is to be delivered to the sheriff of the county in which the seizure occurred. Within 15 days after delivery of the property to the sheriff, notice shall be given of the seizure to each person with a recorded interest in the property and to the State's Attorney of the county where the seizure occurred. The State's Attorney then has the discretion to remit the forfeiture or to proceed with the forfeiture action. "If the State's Attorney does not cause the forfeiture to be remitted he shall *forthwith* bring an action for forfeiture in the Circuit Court within whose jurisdiction the seizure and confiscation

has taken place." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 38, par. 36—2.

■ In the present case the State's Attorney promptly filed a complaint for forfeiture. Defendant argues, however, that the statute mandates a prompt judicial determination. The statute states only that the State's Attorney shall exercise his discretion promptly; it does not mandate a prompt judicial determination. Defendant's argument is premised on the assertion that the promptness criterion in the statute is to insure a speedy judicial determination. However, we deem the purpose of the promptness criterion to be to give notice to third-parties who might wish to assert an interest in the confiscated vehicle. If the promptness criterion was aimed at obtaining a speedy judicial determination, then the statute would preclude the court from controlling its own docket. Therefore, because the State promptly gave notice to the defendant and promptly filed the complaint for forfeiture, all statutory conditions were met by the State as required by sections 36—1 and 36—2. Ill. Rev. Stat. 1983, ch. 38, pars. 36—1, 36—2.

■ Defendant also asserts that the twelve-month delay was a denial of due process of law. In *United States v. Eight Thousand Eight Hundred and Fifty Dollars* (1983), 461 U.S. 555, 562, 76 L. Ed. 2d 143, 151, 103 S. Ct. 2005, 2011, the court held that an 18-month delay in filing a forfeiture proceeding was not a denial of due process of law. In that case the property had been seized by customs officials and was retained by the government for 18 months before a complaint was filed. In the present case the State promptly gave notice to the defendant and promptly filed the complaint. The State even took an additional step to protect the defendant's rights by requesting a writ of *habeas corpus* to testify to insure that the defendant would be present at the post-seizure hearing. The car was kept in storage during the 12-month delay, so that any depreciation in the value of the car was kept to a minimum. Given these facts, we conclude that the defendant was not denied due process of law.

In view of the disposition of this case it is unnecessary to determine the State's other claims. For the foregoing reasons, the judgment of the circuit court of Montgomery County dismissing the State's forfeiture complaint is reversed and remanded for a hearing consistent with this opinion.

Reversed and remanded.

HARRISON and WELCH, JJ., concur.