THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
ONE 1985 CHEVROLET CAMARO, Defendant-Appellee.

Third District   No. 3—86—0038

Opinion filed November 17, 1986.

Edward Petka, State's Attorney, of Joliet (Gerald P. Ursini, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert H. Aronson, of Chicago, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Daniel Karmazin was charged with unlawful delivery of cocaine in violation of section 401(c) of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(c).) In a related action, Karmazin's vehicle, a 1985 Chevrolet Camaro, was seized and a complaint for forfeiture filed, which was later dismissed by the circuit court of Will County.

On September 9, 1985, Karmazin was at the home of a friend,

Todd Gilson, watching a football game when Gilson asked him to go for a drive. Karmazin and Gilson drove to a restaurant in Bolingbrook where Gilson met with a man later identified as Officer Phillip Valera of the Metropolitan Area Narcotics Squad. Acting undercover, Valera had agreed to meet with Gilson for the purpose of purchasing one-eighth of an ounce of cocaine. While in the restaurant parking lot, Gilson handed Valera a powdery, white substance, which he claimed to be cocaine, in exchange for $275. Valera did not speak with Karmazin or observe him as the driver of the automobile; nor had he ever previously spoken with Karmazin. Furthermore, Valera was only investigating Gilson at the time of the alleged drug deal.

On November 20, 1985, a complaint for the seizure of Karmazin's 1985 Chevrolet Camaro was filed in the circuit court of Will County alleging he used his vehicle to facilitate the delivery of cocaine pursuant to section 505(b)(2) of the Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1505(b)(2).) An *ex parte* order was granted authorizing the seizure. Although the record is not free from doubt, it appears that at the time the *ex parte* order of seizure was entered, the court was not advised the vehicle was registered and located in Du Page County. On the same day, Valera went to Karmazin's residence in Du Page County and arrested him. Valera arranged for him to be transported to the Du Page County jail and seized his vehicle pursuant to the order authorizing seizure.

On December 3, 1985, a complaint for forfeiture of the vehicle was filed pursuant to section 505 of the Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1505). Karmazin initially filed an answer alleging his vehicle should be returned to him because the State failed to comply with the requirements of section 36—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 36—1). Subsequently, he filed a supplemental answer alleging the circuit court of Will County lacked jurisdiction under section 505 of the Act.

Subsequently, the trial court conducted a preliminary hearing which was consolidated with a hearing on the forfeiture issue. The trial court ruled there was probable cause to prosecute Karmazin for the offense charged, but held the seizure and forfeiture invalid because the court lacked jurisdiction for such authorizations. The vehicle was then ordered returned to Karmazin. The State appeals from this decision. For the following reasons, we affirm the trial court's judgment.

The State contends the trial court incorrectly held that the circuit court of Will County lacked jurisdiction in the forfeiture proceeding because the statutory requirements of section 505 of the Act were

complied with. The State argues that the legislature intended there to be two methods available to authorities in prosecuting illicit drug activity, *i.e.*, forfeiture under the Criminal Code and forfeiture under the Act. The State maintains that the Criminal Code requires the forfeiture proceedings to be instituted by the legal authorities of the county of seizure, while the Act only requires that process be issued by a court having jurisdiction over the property.

Sections 36—1 and 36—2 of the Criminal Code provide, *inter alia*, as follows:

"Sec. 36—1. Seizure. Any vessel, vehicle or aircraft used with the knowledge and consent of the owner in the commission of, or in the attempt to commit *** an offense prohibited by *** (b) Section 401, 402, 403, 404, 406(b) or 407 of the 'Illinois Controlled Substances Act,' *** may be seized and delivered forthwith to the sheriff of the county of seizure. ***"

"Sec. 36—2. Action for forfeiture. (a) *** [T]he State's Attorney *** shall *** bring an action for forfeiture in the Circuit Court within whose jurisdiction the seizure and confiscation has taken place. ***" (Ill. Rev. Stat. 1983, ch. 38, pars. 36—1, 36—2.)

Section 505 of the Act provides, *inter alia*, as follows:

"Sec. 505. (a) The following are subject to forfeiture:
* * *

(3) all *** vehicles *** which are used, or intended for use, to transport, or in any manner to facilitate any violation of this Act ***
* * *

(b) Property subject to forfeiture under this Act may be seized *** upon process issued by any court having jurisdiction over the property. ***
* * *

(d) Property taken or detained under this Section *** is deemed to be in the custody of the Director subject only to the order and judgments of the circuit court having jurisdiction over the forfeiture proceedings. When property is seized under this Act, the Director may:

(1) place the property under seal; or

(2) remove the property to a place designated by him; or

(3) require the sheriff of the county in which the seizure occurs to take custody of the property and remove it to an appropriate location for disposition in accordance with law." (Ill. Rev. Stat. 1983, ch. 56½, pars. 1505(a) through (d).)

■ It is well settled that statutes which relate to the same subject are *in pari materia* and should be construed together as though they are one statute even though enacted at different times. (*United States Steel Corp. v. Pollution Control Board* (1978), 64 Ill. App. 3d 34, 380 N.E.2d 909.) Sections 36—1 and 36—2 of the Criminal Code purport to deal with the same subject matter that section 505 of the Act deals with, *viz*, the forfeiture of property. Therefore, these sections are *in pari materia*, and, consequently, we will construe them together as though they were one statute.

■ ■ Sections 36—1 and 36—2 of the Criminal Code contemplate that the item seized is to be delivered to the sheriff of the county of seizure and that the State's Attorney shall bring the forfeiture action in the circuit court within whose jurisdiction the seizure and confiscation has taken place. Section 505 of the Act allows seizure upon process issued by any court having jurisdiction. While section 505 permits an order of seizure for property subject to forfeiture, it does not purport how jurisdiction is obtained. It does not because there already exists a statute which covers this procedure in detail, *i.e.*, the Criminal Code. Reading the statutes together as one, under the principles of *in pari materia*, we hold that under section 505 the only court having jurisdiction to issue process is the circuit court within whose jurisdiction the seizure shall take place. To hold otherwise would allow authorities to obtain *ex parte* judgments in any circuit court even though the statute does not grant such broad authorization. We also note that a forfeiture proceeding is an *in rem* proceeding. (*People ex rel. Hanrahan v. 1965 Oldsmobile* (1972), 52 Ill. 2d 37, 284 N.E.2d 646.) It is a civil action against a specific item of property. (*People v. One 1978 Mazda* (1983), 115 Ill. App. 3d 187, 450 N.E.2d 339; *People ex rel. Carey v. 1976 Chevrolet Van* (1979), 72 Ill. App. 3d 758, 391 N.E.2d 137.)

We conclude that it is the location of the property which is the basis of and confirms *in rem* jurisdiction on the trial court in this case. It is undisputed that the vehicle was located in Du Page County and not Will County, and, consequently, we agree with the trial court's determination.

Therefore, for the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY and WOMBACHER, JJ., concur.